UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIAM T. EASTHAM, )
)
Plaintiff, )
)
)
v. ) No. 3:08-CV-198
) (PHILLIPS/SHIRLEY)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal

Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding

disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum

in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum

in Support [Docs. 13 and 14]. Plaintiff William T. Eastham seeks judicial review of the decision

of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue,

Commissioner of Social Security ("the Commissioner").

On January 26, 2005, the Plaintiff filed an application for disability insurance benefits under

Title II of the Social Security Act, 42 U.S.C. §§ 416(I) and 423, claiming disability as of January

21, 2005 [Tr. 13]. However, the Plaintiff later amended this onset date to be January 1, 2004. [Tr.

569]. After his application was denied initially and also denied upon reconsideration, Plaintiff

requested a hearing. On August 14, 2007, a hearing was held before an ALJ to review the

determination of Plaintiff's claim. [Tr. 13]. On December 20, 2007, the ALJ found that Plaintiff was

not disabled. [Tr. 23]. The Appeals Council denied the Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

## I.    ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since January 1, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe combination of impairments: diabetes mellitus; peripherarl vascular disease; coronary artery disease; status post coronary artery bypass grafting; sleep apnea; chronic obstructive pulmonary disease (COPD); seizures; cerebrovascular accident (CVA); Alzheimer disease; and dementia (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except he is precluded from climbing ladders and no more than occasional climbing of stairs, balancing, stooping, crouching, crawling, or kneeling. Due to breathing problems, he is precluded from work exposing him to dust, fumes, smoke, chemicals, noxious gases, extreme temperatures, and vibrations. He can perform work that involves no more than simple tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 24, 1954 and was 49 years old, which is defined as a younger person, on the alleged amended disability onset date (20 CFR 404.1563 and 416.963).

2

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13-23].

## II.    DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability.  See 42 U.S.C. § 1382(a).  "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. § 1382c(a)(3)(A).  An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B).

3

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.   STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is

4

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.    ANALYSIS

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ erred by: (A) finding that the Plaintiff had the residual function capacity to perform light work and (B) considering the Plaintiff's continued smoking habit in making the disability determination. [Doc. 12]. The Commissioner, in response, contends substantial evidence supports the ALJ's disability determination. [Doc. 14].

### A.    Plaintiff's Residual Functional Capacity

The ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work that does not involve climbing ladders and involves no more than occasional climbing of stairs, balancing, stooping, crouching, crawling, or kneeling. Due to the Plaintiff's breathing problems, the ALJ also precluded work that would expose the Plaintiff to dust, fumes, smoke, chemicals, noxious gases, extreme temperatures, and vibrations. The ALJ also limited the Plaintiff's residual functional capacity to work that involves no more than simple tasks. [Tr. 19].

The Plaintiff maintains that the ALJ's evaluation of the Plaintiff's RFC is not supported by

substantial evidence. [Doc. 12 at 8]. Specifically, the Plaintiff claims that the ALJ erred by finding that the Plaintiff was capable of walking or standing a good deal and was able to occasionally climb stairs, balance, stoop, crouch, crawl, or kneel. [Doc. 12 at 9-10]. The Plaintiff also makes a more general allegation that the RFC is not supported by substantial evidence because it relied, in part, on an observation by the ALJ that the Plaintiff's condition had improved. [Doc. 12 at 8]. The Government maintains that the ALJ's RFC determination is supported by substantial evidence. [Doc. 14 at 14-15].

Because the Plaintiff's complaints indicated a greater level of severity in his impairments than was supported by the objective medical evidence, the ALJ properly evaluated the Plaintiff's credibility, pursuant to 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929(c). The ALJ considered: the Plaintiff's daily activities; the location, duration, frequency, and intensity of the claimant's pain and other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other measures the Plaintiff has taken to alleviate pain; and other factors concerning functional limitations and restrictions. [Tr. 19-20]. In examining these factors, the ALJ considered, among other things, the contradiction between the Plaintiff's and his employer's statements as to why he left his previous employment, the Plaintiff's admissions and his wife's testimony as to the Plaintiff's restrictions and impairments, and the medical opinions in record. After weighing these factors, the ALJ found that the Plaintiff's testimony as to his limitations was not entirely credible and accordingly discounted statements about his abilities and impairments.

1.    *Plaintiff's Ability to Walk and Stand*

Turning to the Plaintiff's ability to walk and stand, the ALJ concluded, "[a]lthough the

6

claimant has [had] heart problems resulting in surgery, the medical records reveal that following his recovery period, he has the ability to perform many normal activities. Even though he has some leg pain, he still has the ability to stand and walk satisfactory." [Tr. 20]. In attacking the ALJ's finding, the Plaintiff focuses upon an evaluation by Sam A. Kabbani, M.D., ("Dr. Kabbani"), the Plaintiff's neurologist, which finds that the Plaintiff continues to have issues with balance and prescribes a cane to prevent falls.

The ALJ's conclusion that the cane prescription did not undermine the Plaintiff's ability to walk or stand is supported by substantial evidence. The ALJ specifically acknowledged Dr. Kabbani's prescription of a cane for stability when she made her determination regarding the Plaintiff's ability to stand and walk. [Tr. 17]. As the Commissioner points out, Dr. Kabbani had treated the Plaintiff since December 2004 and only prescribed a cane in April 2007, over three years after the alleged onset date. At the hearing, the Plaintiff also explained to the ALJ that Dr. Kabbani also prescribed a knee brace to address the balance problem and indicated that he only uses one of these tools at a time, as either remedies the issue. [Tr. 572]. This evidence indicates that the cane was meant to address occasional balance issues not the ability to walk or stand. Dr. Kabbani never found that the Plaintiff would be unable to walk without the cane, and the Plaintiff himself testified that the cane was not a necessity for him to be able to walk.

The ALJ acknowledged the Plaintiff's balance issue and the prescription of a cane to address the problems with balance, but viewing the totality of the circumstances, the ALJ determined that the prescription does not preclude the Plaintiff from walking or standing. Accordingly, the Court finds, after viewing all the evidence, that the ALJ's conclusion that the Plaintiff, while not able to constantly be on his feet, was able to walk or stand satisfactorily is supported by substantial evidence.

*2.*     *Plaintiff's Ability to Climb Stairs, Balance, Stoop, Crouch, Crawl, or Kneel*

As to the ALJ's finding that the Plaintiff was able to occasionally climb stairs, balance, stoop, crouch, crawl, or kneel, the Plaintiff claims that this finding is not consistent with the evidence of record.  For example, the Plaintiff cites a finding by Harsha Shantha, M.D., ("Dr. Shantha"), that minimal activity would result in the Plaintiff becoming significantly dyspenic, [Tr. 435].  The Plaintiff also directs the Court to a note by Thane Htun, M.D., ("Dr. Htun"), that the Plaintiff had "exercise induced hypoxemia with oxygen saturation of 83% on room air with ambulation." [Tr. 395].  However, the Court notes that later in the same letter Dr. Htun states that the Plaintiff "seems to be doing quite well with his present medication" and remarks that smoking cessation was discussed with the Plaintiff.

Again, the Court finds that these particular limitations were acknowledged and considered by the ALJ and her decision that they would not preclude the Defendant from occasionally climbing stairs, balancing, stooping, crouching, crawling, or kneeling, is supported by substantial evidence. In her decision, the ALJ stated that she did "not question the fact that the claimant suffers some degree of limitations and recognizes that the claimant cannot perform strenuous work activity but is, essentially, limited to no more than reduced range of light exertion."  [Tr. 20].  The ALJ's assessment of the Plaintiff's RFC is consistent with the evidence of record, including the observations and findings of Dr. Shantha and Dr. Htun.  The Plaintiff undoubtedly has restricted breathing capacity and oxygen flow, which would prevent consistent strenuous activity like climbing, crawling, and balancing.  However, the ALJ's opinion that the Plaintiff is not altogether precluded from undertaking these activities is supported by the evidence of record—including not only Plaintiff's medical records but also the Plaintiff's admissions that he can undertake light grocery shopping, clean his cat's litter box, and assist in getting his child to school.  The ALJ's

8

opinion that the Plaintiff is capable of occasional exertion such as occasionally climbing stairs, balancing, stooping, crouching, crawling, or kneeling is also supported substantial evidence in the record.

3.    *Improvement in the Plaintiff's Condition*

In addition to these specific RFC issues, the Plaintiff raises an overarching allegation that the ALJ's decision is not supported by substantial evidence because the ALJ erred in finding that the Plaintiff's condition had improved after his heart surgery.  The ALJ's opinion is consistent with the evidence of record and, regardless, the Plaintiff's RFC during the period of disability, not the degree of the Plaintiff's recovery or escalation, is the question before the ALJ, although the record contains numerous references to the Plaintiff's improved condition that provide substantial support for the ALJ's observation that the Plaintiff's condition had improved.  For example, in October 2005, William J. Minteer, M.D., ("Dr. Minteer") found the Plaintiff was "doing reasonably well from a cardiac standpoint," despite Dr. Minteer's concerns about the Plaintiff's refusal to modify risk factors, such as his lack of exercise. [Tr. 409].  In February 2006, Dr. Kabbani observed that, on a return visit, the Plaintiff was "doing fine" and was stable. [Tr. 445].  In May 2006, both Dr. Htun and Dr. Minteer observed that the Plaintiff was doing well. [Tr. 379, 402].  Again, on January 2007, Dr. Htun indicated that the Plaintiff seemed to be doing well on his medications. [Tr. 395].  Based upon the foregoing, the Court finds that the ALJ's observation that the Plaintiff's condition had improved was supported by substantial evidence of record.

**B.    Plaintiff's Smoking Habit**

The Plaintiff also argues that the ALJ based the disability determination solely upon the Plaintiff's continued smoking habit. [Doc. 12 at 11].  The Commissioner argues that the ALJ properly considered the entire record, including pertinent information about the Plaintiff's smoking

9

habit. [Doc. 14 at 18].

The Plaintiff directs the Court to numerous references in the record regarding his reports to physicians that he was attempting to or would attempt to stop smoking. [Tr. 293, 379, 395-96, and 400]. This evidence of the Plaintiff's attempts to quit smoking is not inconsistent with the ALJ's finding that:

> [Treating physicians have] advised smoking cessation, weight control by exercise, and watching his diet. A claimant is required to comply with prescribed treatment if that compliance will produce functional improvement (20 CFR 404.1530). Further, it is important to note that the claimant's continued smoking for some 30 years, up to ½ packs a day, is contrary to his doctor's orders, and contributes to his pulmonary limitations. It is generally recognized that when a claimant substantially contributes to his own impairment, by choice of lifestyle, a finding of disability will not stand . . . .

[Tr. 21]. While the Plaintiff may have attempted to quit smoking, he never did quit, and as the ALJ acknowledged, the Plaintiff disregarded the advice of numerous treating physicians by neglecting exercise and by continuing to smoke. The ALJ was correct in her observation that the applicable regulations require a claimant to comply with physicians' orders in order to receive disability benefits. See 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

Substantial evidence supports the ALJ's determination that the Plaintiff continued to disregard the orders of numerous physicians by abstaining from exercise and continuing to smoke. The ALJ evaluated the evidence of record as a whole and properly considered this noncompliance, as one factor, in making the disability determination.

## V.    CONCLUSION

Based on the foregoing, the Court finds that the ALJ properly reviewed and weighed the

evidence to determine Plaintiff is capable of performing light work, with certain enumerated restrictions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 13]** be **GRANTED**.

Respectfully submitted,


    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).